**This petition is prepared by a Legal Assistant in the Oregon State Penitentiary on behalf of Petitioner Satey Sánchez because English is his third language. He does not speak, read or write English well enough to prepare the petition himself**

FILED 02 OCT '26 12 25 USDC-ORP

PETIONER UDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PRSON IN SATE CUSTODY

| United States District Court | District of Oregon |
|---|---|
| Name (under which you were convicted):<br>José David Satey Sánchez | Docket or Case No.:<br>6:26-cv-2048-MO |
| Place of Confinement:<br>Oregon State Penitentiary | Prisoner (SID) No.:<br>13236547 |
| Petitioner<br>JOSÉ DAVID SATEY SANCHEY v. | Respondent<br>COREY FHUERE, Superintendent |
| The Attorney General of the State: Dan Rayfield | |

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY

## CONVICTION UNDER ATTACK

1. **Name and location of court that entered the judgment of conviction you are challenging:** Washington County Circuit Court, 150 North First Avenue, MS37, Hillsboro, Or. 97124

2. **Criminal docket or case number (if known):** 18CR52934.

3. **(a) Date of judgment of conviction (if known):** March 5, 2019.

   **(b) Date of Sentence**: March 5, 2019

4. **Length of sentence:** 600 Months

5. **Identify all crimes for which you were convicted and sentenced in this case:** Unlawful sexual penetration in the first degree, ORS 163.411; 2 counts of sodomy in the first degree, ORS 163.405; 4 counts of sexual abuse in the first degree, ORS 163.427; 2 counts of rape in the first degree, ORS 163.375; Sodomy in the second degree, ORS 163.395; unlawful sexual penetration in the second degree, ORS 163.408 incest, ORS 163.525; luring a minor, ORS 167.057.

6. **What was your plea?** Not Guilty.

7. **If you plead not guilty, what kind of trial did you have?** Jury.

8. **Did you testify at trail?** Yes.

## EXHAUSTION OF STATE REMEDIES

### *DIRECT APPEAL*

9. **Did you directly appeal from the judgment of conviction?** Yes

   a. **Name of court:** Court of Appeals of the State of Oregon

   **b. Docket or case number (if known):** CAA170613

   **c. Result:** affirmed without opinion.

   **d. Date of result and citation:** December 23, 202. State v. Satey Sánchez, 308 Or. App. 176., 478, P.3d 554.

   e. **Grounds raised: 1)** The circuit court erred by denying defendant's motion to sever Counts 1 through 5

from Count 6 through 13; 2) The circuit court erred by permitting the jury to received evidence of the 2017 allegations.

10. **Did you seek further review of the decision on appeal by a higher state court?** Yes.

**a. Name of court:** Supreme Court of the State of Oregon

**b. Docket or case number (if known):** SC S068288.

**c. Result:** Review denied.

**d. Date of result and citation:** June 10, 2021. State v. Satey Sánchez, 368 Or. 206, 487 P.3d 400.

**e. Grounds raised:** 1) the circuit court by denying defendant's motion to sever Counts 1 through 5 from Counts 6 through 13; 2) The circuit court erred by permitting the jury receive evidence of the 2017 allegations.

11. **Did you file a petition for certiorari in the United States Supreme Court?** No.

12. **If you did not directly appeal from the judgment of conviction, explain briefly why you did not:** N/A

*POST-CONVICTION RELIEF*

13. Did you file a petition for state post-conviction relief? Yes.

a. Name of court: Marion County Circuit Court.

b. Docket or case number: 21CV40353.

c. Nature of proceeding: Petition for Post-Conviction Relief, pursuant to ORS 138.510 through 138.680.

d. Did you receive an evidentiary hearing? Yes.

e. Result: Petition Denied.

f. Date of result and citation or case number: May 19, 2023. 21CV40353. Satey Sánchez v. Kelly.

g. **Grounds raised:**

**GROUND ONE:**

A. Petitioner's right to effective and adequate assistance of trail counsel under Article 1, Section 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United State Constitution were violated.

B. Trail Counsel's acts and omission were not the product of an acceptable tactical decision and counsel's performance fell below an objective standard of reasonableness for defense counsel in similar felony criminal proceeding under the then-prevailing professional norms.

C. Whether considered cumulatively or individually, the numerous deficiencies in trail counsel's performance are sufficiently significant to undermine confidence in the outcome of petitioner's trail. The unreasonably for defense counsel eviscerated petitioner's constitutional right to due process and effective assistance of counsel under Article 1, Section 11 of the Oregon Constitution and the Six and Fourteenth Amendment to the United State Constitution. There is a reasonable probability that, absent the errors of trail counsel, the result could have been different. Any confidence in petitioner's conviction and sentence has been undermined as a result of the trail counsel's deficient performance.

(a) Trial counsel failed to provide Petitioner with copies of reports provided to counsel by counsel's investigator, despite both oral and written request from Petitioner, as failure to allow Petitioner to participate in reviewing and assessing discovery severely compromised his defense.

(b) Trail counsel failed to fully and adequately explain to Petitioner the risk of testifying at trial. Had Petitioner been fully apprised of the risks associated with testifying, he would have opted not to do so.

(c) Trial counsel excluded Petitioner from participating in important decision made pre-trial and during trial, including trial strategy, calling witnesses, bringing motions, and cross-examination of witnesses.

(d) Trial counsel failed to investigate and raise at trial the fact the investigating detectives had shredded their notes appertaining to the investigation, that they had destroyed recordings of interview with S and other prosecution witness about her jealousy motive from making false accusations against Petitioner.

(e) Trial counsel failed to bring a motion for continuance due to inclement weather, and instead allowed the Sate and the trial court to rush the case through, particularly to rush the defense to complete the trial as quickly as possible due t weather and related traffic and travel concerns, to the detriment of presenting a complete and compelling defense.

(f) Trial counsel failed to allow Petitioner time to review and respond to discovery prior to trial, including but not limited to police reports, transcript of interviews with witnesses, and transcript of record phone calls which so severely compromised his defense.

(f) Trial counsel failed to withdraw from the case, and request that the court appointed new counsel, based on his strained relationship with Petitioner that caused an irreconcilable conflict of interest.

**GROUND TWO:**

Petitioner is innocent of the charges brought against him in Washington County Case No. 18CR52934, and the judgment rendered in said case is void on its face due to the numerous egregious violation pf Petitioner's right under the Fifth and Fourteenth Amendment of the United
State Constitutional.

**GROUND THREE:**

Cumulative Errors: Given the many errors of trial counsel as we; as the trial court's ignoring the constitutional rights of Petitioner under the Fifth and Fourteenth Amendments to the United States Constitution, even if any one of these errors were not considered enough to rise to the level of reversible error, the cumulative effect of the many and egregious errors was to render the conviction of Petitioner unconstitutional and void.

14. Did you appeal the result of your state post-conviction case? Yes.

a. Name of court: Court of Appeals of the State of Oregon

b. Docket or case number: CA A181639.

c. Result: Summarily Affirmed.

d. Date of result and citation: February 21, 2025. Satey Sánchez v. Fhuere.

e. Grounds raised:

In Brief by Counsel:

1) The PCR court erred when it denied relief on claim that trial counsel failed to fully and adequately explain to Petitioner the risk of testifying at trial.

2) PCR court erred when it found the claim of Actual Innocence is not a cognizable claim in a PCR under Oregon law.

3) Actual and Factual innocence.

**In supplement Pro Se Brief submitted by Petitioner:**

A PCR court's judgement that trial counsel provided adequate and effective assistance must be based on finding support by facts in evidence. The PCR failed to support its finding in each of the following:

1) Failed to find facts in evidence that trial counsel provided Petitioner with copies of reports in counsel's possessions that Petitioner had repeatedly asked trial counsel to provide to him.
2) Failed to find facts in evidence that trail counsel included Petitioner in major case decisions.

3) Failed to find facts in evidence that trail counsel adequately raised at trail that investigating detectives and employees of Oregon Department of Human Services had destroyed evidence.
4) Failed to find facts in evidences that trial counsel asked for a continuance in spite of the fact that Petitioner did not want one, and that no prejudice to Petitioner resulted from the lack of a continuance.
5) Failed to find facts in evidence that trial counsel failed to request a set over to allow Petitioner more time to review and to respond to discovery because Petitioner did not want a set over.
6) Failed to find facts in evidence that Petitioner was not credible when he stated that the attorney-client relationship between Petitioner and trial counsel had deteriorated sufficiently to warrant his motion to withdraw.

15. Did you seek further review of the decision on appeal by a higher state court? Yes.

a. Name of court: Supreme Court of the State of Oregon.

b. Docket or case number: SC S071841.

c. Result: Review denied.

d. Date of result and citation: XXX.

e. Grounds raised: Court of the State of Oregon.

16. If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not: N/A.

GROUNDS FOR RELIEF

17. **Statement of Case**

Petitioner was the stepfather of the victim. In 2014, when S was nine, a teacher over heard her talking with a friend about being touched inappropriately by Petitioner. the teacher made a report to the Oregon Department of Human Services (ODHS), who made a report to police. The Police and ODHS opened investigation allegations. S told them that Petitioner had touched her genitals with his finger, that she had told her mother and aunt about this, and that in response S mother had told her that's not something you can lie about, that ODHS might remove S from the home as a result of her having made the allegations. In CARES NW forensic interview, S describe both vaginal penetration by Petitioner's finger and contact with her external genitals.

ODHS did take S into protective custody. At a hearing in the dependency case that followed, that S recanted her allegation against Petitioner, saying that she had made them because she was jealous of the time Petitioner spent with her mother. Petitioner had offered a similar explanation when questioned by police. No criminal charges were filed at that time. ODHS stayed involved in the S life, however, requiring Petitioner to leave the home and void contact with S among other conditions for S to be reunited with her mother.

In 2017, S mother's roommate heard sexual noises or moans or something to the effect coming from alleged victim's room, Vanessa's roommate was concern so he calls S mom at work a few times to let her know about the noises he was hearing from S's room, but Vanessa did not answer any of the phone calls, then he decided to call Petitioner who was at work as well. During the phone call the roommate tells Petitioner that he was hearing loud noises coming from S's room, the roommate tells the Petitioner that I believe she is in trouble or in pain. Then Petitioner tells the roommate to check on her and make sures she is fine, Vanessa's roommate puts Petitioner on hold while he went to check on S, he then proceeds by knocking the door but S could not hear the knockings so the roommate opens the door of the room where S was in, and the roommate sees S on top of a guy naked having intercourse. When S saw the roommate standing on the door of the room she started screaming at him to get the hell out, but then the roommates tell S, your papa (dad) is on the phone he wants to talk to you; then S yells with a pissed off attitude, get out, the roommate tells S, is your dad he wants to talk to you, she takes cellphone and she said "dad I am fine bye". Petitioner said, just making sure and hear from you that you are ok. S, then said I am fine I'm fine

bye. The roommate comes out of S's room then tells Petitioner, S is on top of guy naked in the room having sex, then Petitioner asks Lito (the roommate) did you see who this guy is? Roommate tells Petitioner looked like is Keving Petitioners' (cousin) but I am not sure, he hid his face to fast with a pillow as I went in the room. Then Petitioner asked to turn on facetime and told him to go back in the room without knocking the door so he could see who the guy or if it was Kevin Petitioners' (cousin) who S was having intercourse's with, the roommate proceeds on with turning on facetime he goes back to S room and again, and Petitioner sees S naked on top of the guy what it look like having intercourse with the guy, then immediately the guy sees the roommate with the phone pointing at him he immediately hides his face as you'll see on the pictures that was submitted as evidence by the Petitioner. Petitioner was able to take 3 pictures on his side through facetime. S starts yelling Lito (roommate) what the hell are you doing? Get the F##@ out of my room. Since Petitioner wasn't able to see the guy's face through facetime who S was having intercourse with. Petitioner, then tells the roommate to not let the guy leave the house, I want to know who this guy is. After their conversation, Petitioner lefts work and when Petitioner arrived to the house. Opens the door and sees S sitting on a stool behind the counter kitchen, and hoping to see who this guy was. Lito (the roommate) tells Petitioner I came downstairs to the living room to wait for this guy, the guy then came downstair and sees me, I tried to talk to the guy instead he pushes me out of his way and started running out to the door towards the max station. I went after him but could not catch up after him. So, he got away.

Then Petitioner asked S who the man was, S responded crying please don't' tell my mom, please, please don't tell my mom, my mom is going to kill me if she founds out. Petitioner tells S you know I cannot lie to your mom; I will talk to her and she is not going to kill you. Lito (the roommate) was there with S the whole time listening to the whole conversation. S couldn't stop crying so Petitioner went back to work. This claim has not been reviewed but any courts. And the witness (Lito the roommate) was not allowed to speak in trial due to not having a proper interpreter.

S, then claimed that Petitioner said "what's in it for me?" She then claimed that Petitioner then engaged in intercourse and oral sex with her and touched and penetrated her genitals with his finger. S, also claimed that Petitioner showed a pornographic video on his phone.

S, called a friend and told her about what had happened, then her friend picks her up and when she got to the door S said to wait because she was talking to an uncle and when S and her friend arrived at the friend's house, friend asked her what she wanted to do? S said, "I just want to talk to my attorney or whatever. She then calls her attorney and told him what allegedly happened and then after that S and her friend left to go see a football game.

The reason Petitioner went to the house is because he wanted to have proof for DHS about all the allegation was made against him in 2014. S was out of control, was using drugs in school, making bad decision, not listening to her mom and had runaway a couple of times in the middle of the night. All these information is on file with DHS. Trial attorney did not want all this information out to the Jury.

A Ground One: The trial court erred by denying Petitioner's motion to sever Counts 1 through 5 from Counts 6 through 13.

**Supporting FACTS:** in 2014, Petitioner's stepdaughter accused him of sexual abusing her by touching her genitals over a period of time. She later recanted that accusation and no criminal charges were filed against Petitioner at that time. In 2017, however, Petitioner's stepdaughter accused Petitioner of raping her on a particular occasion. Those accusation resulted in Petitioner being charged with the offenses listed in Paragraph 5, above, which pertained to both the 2014 allegation (Counts 1 through 5 of the indictment) and the 2017 allegations (Count 6 through 13).

Petitioner moved to sever the trial of the 2017 allegation from the trial of the 20014 allegations. The trial court denied the motion. Petitioner then waived his right to jury trial as to the 2017 allegation and moved to excluded the evidence of those allegation fro the jury trial of the 2014 allegations. The court denied Petitioner's evidentiary motion as well.

B. **Ground Two:** The circuit court erred by permitting the jury to received evidence of the 2017 allegations.

**Supporting FACTS:** In this written motion to sever, Petitioner moved in the alternative for "specific limitations on evidence." Specifically, Petitioner argue that the evidence of the 2017 would be unfairly prejudicial, within the meaning of Oregon Evidence Code 403, at the trial of the 2014 allegations.

At oral argument on Petitioner's motion to sever, Petitioner stated that, if the motion were to be denied, he inclined to waive his right to jury trial as to the 2017 incident. In that case, if the charges arising from 2017 incident were tired to the court, Petitioner reiterated his written motion to exclude any evidence of that incident from consideration by the jury as far as the 2014incidents.

The trial court allowed Petitioner to put on the record a continuing objection to the evidence that was admitted as a result of the court's denial of the motion.

**Ground three:**

1. Petitioner's right to effectively and adequate assistance of trial counsel under the Sixth and Fourteenth Amendments to the Unites Sates Constitution were violated as further alleged below.

2. On each of the following claims, petitioner alleges that trial counsel's acts and omissions were not the product of an acceptable tactical decision and counsel's performance fell below an objective standard o reasonableness for defense counsel in similar felony criminal proceeding under the then-prevailing professional norms.

3. Whether considered cumulatively or individually, the numerous deficiencies in trial counsel's performance are sufficiently significant to undermine confidence in the outcome of petitioner's trial. The unreasonable failures by trial counsel eviscerated petitioner's constitutional rights to due process and effective assistance of counsel under the Six and Fourteenth Amendment to the United Sates Constitution. There is a reasonable probability that, absent the errors of trial counsel, the result have been different. Any confidence in Petitioner's conviction and sentence has been undermined as a result of trial counsel's deficient performance.

(a) Trial counsel failed to provide Petitioner with copies of reports provided to counsel by counsel's investigator, despite both oral and written request form Petitioner. Because Petitioner had the most comprehensive and insightful understanding of the case and the discovery to assist trial counsel in evaluating the importance and relevance of the information. Without Petitioner's input, counsel was left to only his own assessment of the information, and made judgments that tended to detrimentally affect the outcome of the case. For example, an important point of contention at trial was S motive for making the accusations against Petitioner. Petitioner was the person most knowledgeable about S's relationships with her mother, her Friends and relatives, and Petitioner, such that any information about those relationship could be best evaluated by Petitioner to determine how it was relevant to the S's motive. Failure to allow petitioner to participate in reviewing and assessing discovery severely compromise his defense.

(b) Trial counsel failed to fully and adequately explain to Petitioner the risk of testifying at trial. Had petitioner been fully apprised of the risk associated with testifying, he would have opted not to do so.

(c) Trial counsel exclude Petitioner from participating in important decision made per-trial and during trial, including trial strategy, calling witnesses, bring motions, and cross-examination of witnesses. Trial counsel's relationship with Petitioner became strained to the point that trial counsel ceased meeting with Petitioner prior to trial and insisted directed his investigator to meet with Petitioner, thus depriving Petitioner of meaningful input into trail strategy and decision-making. At trial, counsel refused to engage in meaningfully communications with Petitioner about proceedings. This left trail counsel with far less information that would otherwise have been the case and detrimentally affected his handling of the defense.

(d) Trial counsel failed to investigate and raise at trial the fact that the investigating detective had shredded their notes appertaining to the investigation, that they have destroyed recordings of interviews with the S and other prosecution witnesses and that Oregon Department of Human Services employees had destroyed S's notebooks in which she had written about her Jealousy motive for making false accusations against Petitioner, All based on her jealousy of Petitioner's relationship with S' mother.

(e) Trial counsel failed to bring a motion for continuance due to inclement weather, and instead allowed the State and trial court to rush the case through, particularly to rush the defense to complete the trial as quickly

as possible due to weather and related traffic and travel concerns, to the detriment of presenting a complete and compelling defense.

(f) Trail counsel failed to allow Petitioner time to review and respond to discovery prior to trial, including but not limited to police reports, transcripts of interviews with witnesses, and transcript of record phone calls. As outline above, Petitioner was in the best position to evaluate any evidence that pertained to his defense. It was essential that Petitioner be given ample time to review and Petitioner do so severely compromise his defense.

(g) Trail counsel failed to withdraw from the case, and request that the court appointed appoint new counsel, based on his strained relationship with Petitioner that ci=used an irreconcilable conflict of interest.

D. **Ground Four:** Petitioner is actually and factually innocent of the charges brought against him, and the judgment rendered in said case is void on its face under the Fifth and Fourteenth Amendment of the United States Constitutional.

E. **Ground Five:** Cumulative Error – Given the many errors of trial counsel as well as the trial court's ignoring the constitutional rights of Petitioner under the Fifth, Sixth and Fourteenth Amendments to the Unites State Constitution, even if any one of these errors were not considered enough to raise to the level of reversible error, the cumulative effect of the many and egregious errors was to render the conviction of Petitioner unconstitutional and void.

F. **Ground Six:** The PCR court failed to support its findings in each of the fallowing: 1) Failed to find facts in evidence that trail counsel provided Petitioner with copies of reports in counsel's possession that Petitioner had repeatedly asked trial counsel to provide to him. 2)failed to find facts in evidence that trial counsel included Petitioner In major case decisions. 3) Failed to find facts in evidence that trial counsel adequately raised at trial that investigation detectives and employees of Oregon Department of Human Services had destroyed evidence. 4) Failed to find facts in evidence that trial counsel asked for a continuance in spite of the fact that Petitioner did not want one, and that no prejudice to petitioner result ed from the lack of continuance. 5) Failed to find facts in evidence that trial counsel failed to request a set over to fallow Petitioner more time to review and respond to discovery because Petitioner did not want a set over. 6) Failed to find facts in evidence that Petitioner was not credible when he stated that attorney-clint relationship between Petitioner and trial counsel had deteriorated sufficiently to warrant his motion to withdraw.

OTHER INFORMATION

18. Please answer this additional question about the petition you are filing:

a. Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes

19. do you have any petition or appeal now pending (filed yet) in any court, sate or federal, for the judgment you are challenging here? No.

20. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a. At preliminary hearing:
Gabriel Mead Biello, OSB# 055265, (503) 693-8725, gabebiello@gmail.com, Law Office of Gabriel Biello, 249 NE Lincoln St, Hillsboro OR 97124.

b. At arraignment and plea; c. At trial; d. At sentencing; Same above.

e. On appeal:
Bear Wilner-Nugent, OSB# 044549, (503) 351-2327, bwnlaw@gmai.com , Bear Wilner -Nugent Counselor & Atty at Law LLC, 620 SW 5th Ave Ste 1008, Portland OR 97204.

f. In any Post-conviction proceeding:
Teena M. Killian, OSB# 100684, (206) 949-4430, tmkillian@msn.com , Teena M. Killian LLC, PO Box 125 Dundee, OR 97115-0125.
Jonathan A. Clark, OSB# 022740, Jonathan A. Clark, P. C., 317 Court Street NE, Salem Oregon 97301. (503) 581-1229.

g. On appeal any adverse ruling in post-conviction proceeding:
Ryan T. O'Connor, OSB# 054109, Equal Justice Law, 1500 SW First Avenue, Suite 1090, Portland, OR 97201. (503) 226-0923, ryan@equaljusticelaw.org .

21. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? No.

22. Do you have any future sentence to serve after you complete sentence imposed by the judgment under attack? N/A.

23. TIMLINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year state of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition: N/A

24. Date you are mailing (or handing to correctional officer for mailing) this petition to the Court:

WHEREFORE, petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to in 28 U.S.C. § 2254 by a person in state custody.

DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

9-28-2026
Date

Signature of Petitioner

Oregon Dept. of Corrections-Inmate Mail
Institution OSP
Name Satey Sánchez SID 13236547
Address 2605 State Street
City Salem State Or. ZIP 97310

quadient
FIRST-CLASS MAIL
IMI
$002.27⁰
09/29/2026 ZIP 97310
043M31276159
US POSTAGE

RECVD 2 OCT '26 10:21 USDC-ORP

PRIORITY LEGAL

118378

PRIORITY LEGAL

United Distric Court
1000 SW 3rd Avenue
Suite 740
Portland Or. 97204

Postage Paid